## IN THE UNITED STATES DISTRICT COURT IN THE
## EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONTA GLADNEY, | ) |
| | ) |
|      **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| TYLER RYAN TIMBERLAKE | ) |
| | )    Case No.: 1:21-cv-00287-AJT-JFA |
|      **Defendant** | ) |
| _____ | ) |

## RESPONSE OF PLAINTIFF LAMONTA GLADNEY TO THE COURT REGARDING ORDER OF JUDGE ANDERSON AT ECF 80

Plaintiff Lamonta Gladney, through counsel, informs the Court as follows in response to the Order of Judge Anderson at ECF 80.

1.     On January 11, 2016, in *Armstrong v. The Village of Pinehurst*, 810 F.3d 892 (4th Cir. 2016), the United States Court of Appeals for the Fourth Circuit announced a bright line rule for police officers "that tasers are proportional force only when deployed in response to a situation in which a reasonable officer would perceive some immediate danger that could be mitigated by using the taser." *Id*. at 903.

2.     On June 5, 2020, Officer Timberlake did not seek direction from dispatch, nor did he seek to contact the other officer on the scene before his arrival at the scene of his tasing and punching of Plaintiff Lamonta Gladney. Timberlake parked his cruiser and immediately pulled out his taser as he was walking toward Gladney, firing his taser into Gladney less than 10 seconds after exiting his cruiser. Officer Timberlake gave Gladney no opportunity to respond or comply to any instruction before firing his taser into Gladney, causing Gladney to cry out in pain and collapse on the asphalt. While on the asphalt Timberlake punched Gladney in the face with

the butt of his taser and shocked him directly and repeatedly with the taser, causing serious physical and emotional injury to Gladney.

3.      Timberlake could not have reasonably perceived that his tasing and punching of Lamonta Gladney as shown on the bodycam video of Officer Schaefer was in response to some immediate danger that could be mitigated by using the taser.

4.      This Court's Order of October 6, 2021, granted Plaintiff "leave to take the deposition of the Defendant following the trial of the criminal case, but in any event within 45 days of the trial date in this case" [ECF No. 66].

5.      On October 21, 2021, this Court held a telephonic Final Pretrial Conference and on that same date issued an Order setting this case for trial on May 16, 2022, holding that "Summary Judgment deadlines are to be agreed by counsel." [ECF No. 71].

6.      This Court's Local Rule 56(A) provides, in pertinent part, that "[n]o motion for summary judgment shall be considered unless it is filed and set for hearing or submitted on briefs within a reasonable time before the date of trial, thus permitting a reasonable time for the Court to hear arguments and consider the merits after completion of the briefing schedule specified in Local Civil Rule 7(F)(1)."

7.      In the five months that have elapsed since the Final Pretrial Conference in this matter, counsel for Timberlake made no effort to communicate with counsel for Gladney to establish any summary judgment briefing schedule, and because the trial in this case will begin on May 16, it would not be possible for any summary judgment motion to be filed, briefed, and heard before the trial date. Accordingly, this case will go to trial and, unless settled, the parties will incur all expenses associated with trial.

8.	Timberlake's criminal trial concluded on March 25, 2022, and in accordance with this Court's Order, ECF No. 66, on March 29, 2022, Plaintiff served his notice to take Timberlake's deposition on April 29, 2022.

9.	Counsel for Gladney and counsel for Fairfax County engaged in settlement discussions in December 2021, and Counsel for Mr. Gladney believe that a resumption of settlement discussions by a settlement conference may now be productive and thank the Court for its many efforts in this regard.

10.	Counsel for Mr. Gladney agree broadly with the description of the procedural posture of negotiations in this matter in paragraph 6 **only** of Defendant's Response to the Order at ECF 80, filed on March 30, 2022, at ECF 84.

11.	Counsel undersigned would suggest to the Court that a conference call of counsel with the Court on April 13 or 14, 2022 – after the Fairfax County Council meets but before the April 15, 2022, Motions Hearing on Defendant's Motion to Quash Deposition Notice - may benefit judicial economy, and that attorney Jim Guynn, Esq. representing Fairfax County be invited to participate in any such conference call. Mr. Guynn's office number in Salem, Virginia is (540) 387-2320.

Respectfully submitted,

/s/ Thomas F. Hennessy
**THE HENNESSY LAW FIRM, PLLC**
Thomas F. Hennessy
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
thennessy@virginiawage.net
Telephone: (703) 865-8836
Facsimile: (703) 865-7633

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following.

Heather K. Bardot, VSB No. 37269
**BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.**
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
T: 703-385-1000
F: 703-385-1555
hbardot@bmhjlaw.com
*Counsel for Defendant Timberlake*

Kimberly Pace Baucom     kimberly.baucom@fairfaxcounty.gov
*Deputy County Attorney for Fairfax County, Virginia*

Theodore Bruce Godfrey     godfrey@jezicfirm.com
*Counsel for Plaintiff Lamonta Gladney*

and further sent a copy of this paper by electronic mail only to outside counsel for Fairfax County, Virginia, James Guynn, Esq., **GUYNN WADDELL, CARROLL & LOCKABY, P.C.,** 415 South College Avenue, Salem, VA 24153, at "jimg@guynnwaddell.com."

_____/s/_____
Thomas F. Hennessy, VSB No. 32850
**THE HENNESSY LAW FIRM, PLLC**